United States Court of Appeals
Fifth Circuit

**F I L E D**

June 14, 2007

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 07-50009
Summary Calendar

JOHANNA WHITE,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
(1:05-CV-945)

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Johanna White contests the district court's affirming the Social Security Administration's (SSA) determination that she is *not* disabled. Our review is limited to: whether the administrative law judge (ALJ) used the proper legal standard to evaluate the evidence; and whether the decision is supported by substantial evidence in the record. *E.g.*, **Greenspan v. Shalala**, 38 F.3d 232, 236 (5th Cir. 1994).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

White's impairments include diabetes, hearing loss, and an arm injury. She applied for disability insurance benefits and supplemental social security income, pursuant to Titles II and XVI of the Social Security Act. Applying the requisite five-step sequential disability evaluation, *see* 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found, *inter alia*: White had *not* engaged in substantial gainful activity since the alleged onset of disability; she did *not* have an impairment presumed to create disability; she retained "the residual functional capacity to perform a significant range of sedentary work" (RFC determination); and, along that line, she was capable of performing a number of alternative sedentary occupations (alternative-occupation determination). Accordingly, the ALJ concluded White was *not* disabled and denied benefits. The district court affirmed.

White maintains the ALJ's RFC determination is *not* supported by substantial evidence. In reviewing for substantial evidence, our court may *not* reweigh the evidence or substitute our judgment for that of the SSA. *Greenspan*, 38 F.3d at 236. A finding of insubstantial evidence is proper only if no credible evidence or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

Based on our review of the record, the RFC determination is adequately supported by objective medical evidence, including examination results, physician reports, and medical expert

2

testimony.  In this regard, the post-hearing form submitted by one of White's physicians, which was explicitly considered by the ALJ, is *not* inconsistent with this determination.

Relatedly, White contends the ALJ's alternative-occupation determination is inconsistent with both its RFC determination and the Department of Labor's Dictionary of Occupational Titles (DOT). In making the alternative-occupation determination, the ALJ relied on vocational expert (VE) testimony identifying a number of relevant alternative occupations, all of which were classified as "sedentary" by the DOT.  Because the VE's testimony, which White did *not* challenge through cross-examination, was elicited by hypothetical questions incorporating the RFC determination, such reliance was proper.  *See* **Bowling v. Shalala**, 36 F.3d 431, 436 (5th Cir. 1994); *see also* **Carey v. Apfel**, 230 F.3d 131, 146-47 (5th Cir. 2000) ("claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing").

*AFFIRMED*